The Honorable Bill Gwatney State Senator P.O. Box 156 Jacksonville, AR 72076
Dear Senator Gwatney:
This is in response to your request for an opinion regarding A.C.A. §26-39-201. You have asked for advice "as to what action should be taken to properly implement timely distribution of current taxes to the various funds in Pulaski County, Arkansas."
Section 26-39-201 addresses the time period for payment of county funds into the county treasury, and for the transfer of moneys from the treasury to the various funds. The text of this Code section, as amended by Act 856 of 1995, is as follows:
 (a)(1) The county and probate clerk, circuit clerk, constables, sheriff, collector, and any other county official in the State of Arkansas are required to pay over to the county treasurer of each county on the first of each month, or within five (5) working days thereafter, all funds in each of their hands belonging to the county or its subdivisions that are by law required to be paid into the county treasury, whether taxes, fines, or any moneys that are collected for any purpose by law and belonging to the county.
 (2) The collector shall pay to the State Treasurer all moneys belonging to the State of Arkansas on the day mentioned in subdivision (a)(1) of this section.
 (b)(1) This section does not mean that the collector shall make a distribution of taxes to all funds but that he shall settle with the county treasurer in a lump sum, and the county treasurer shall credit it to the collector's unapportioned account.
 (2) Upon a certificate of the county clerk, which shall be issued on or before the thirtieth day of each month, the county treasurer will transfer to the various funds ninety percent (90%) of the advance payments made by the collector during the collection period and, upon final settlement, the proper adjustments will be made with the various accounts and the balance remaining in the unapportioned account will be distributed upon order of the county court approving the final settlement of the collector.
It is thus clear that all county funds in any official's hands on the first of each month must be paid over to the county treasury that day, or within five working days thereafter. Subsection (b) of § 26-39-201 then provides for the distribution of ninety percent of these funds, upon issuance of the county clerk's certificate. The clerk has until the thirtieth day of the month to issue the certificate. With regard, therefore, to funds collected during the month of August (the "collection period" in this scenario), any such funds remaining in the collector's and other officials' hands on September 1 must be paid into the treasury by September 8. The clerk must then issue his certificate by September 30. The ninety percent distribution is then made by the treasurer.
With regard to your question concerning timely distribution of the funds, you have not indicated which of the requisite time periods is not being met. The county official(s) in question should be notified of the requirements of § 26-39-201 to clarify any potential confusion in this regard. It must be recognized, however, that distribution to the various funds cannot occur until the clerk's certificate has been issued; and the clerk has until the thirtieth day of the month to issue the certificate. Thus, while the funds are, presumably, on deposit by the fifth working day of the month following the month of collection, distribution may be delayed as a practical matter if the clerk's certificate is not issued until the thirtieth day. Although a distribution prior to the thirtieth day might be feasible and certainly desirable, the clerk is not compelled under current law to act any earlier in issuing the requisite certificate.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh